1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

11

12

13

| | |
|---|---|
| DANIELLA KATALIN MELEGH, | CASE NO. 2:23-cv-01704-JNW |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| PROVIDENCE HEALTH & SERVICES, SWEDISH MEDICAL CENTER, and LAURA, | |
| Defendants. | |

14

15

16

17

18

19

20

21

22

23

Proceeding pro se and *in forma pauperis,* Plaintiff Danielle Katalin Melegh filed this civil rights lawsuit against Providence Health & Services, Swedish Medical Center, and Laura, Swedish Orthopedic Clinic's manager, for alleged discrimination. *See* Dkt. Nos. 4, 5. But she has not identified a basis for this Court's jurisdiction. *See* Dkt. No. 5.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Fed. R. Civ. P. 12(h)(3) provides that the Court must dismiss an action if it determines, at any time, that it lacks subject matter jurisdiction. "[C]ongress granted federal courts jurisdiction over two general

1  types of cases: cases that 'aris[e] under' federal law, §1331, and cases in which the

2  amount in controversy exceeds $75,000 and there is diversity of citizenship among

3  the parties, §1332(a). These jurisdictional grants are known as 'federal-question

4  jurisdiction' and 'diversity jurisdiction,' respectively." *Home Depot U.S.A., Inc. v.*

5  *Jackson*, 139 S. Ct. 1743, 1746 (2019) (internal citation omitted).

6          Plaintiff bears the burden of establishing that her case is properly filed in

7  federal court. Plaintiff must meet this burden by pleading sufficient allegations to

8  show a proper basis for the federal court to assert subject matter jurisdiction over

9  the action. Plaintiff has not shown that the Court has subject matter jurisdiction

10  over this case, and she has not identified a federal claim upon which she is seeking

11  relief. Plaintiff, a Washington State resident, names two other Washington State

12  residents as defendants. Dkt. No. 4 at 2. So the parties lack complete diversity.

13          In response to this Order, Plaintiff must write a short and plain statement

14  telling the Court (1) the law or laws upon which her claims are based, and (2) why

15  this Court has subject matter jurisdiction to hear these claims. This response may

16  not exceed three double-spaced pages. Plaintiff may not file additional pages as

17  attachments. The Court will take no further action until Plaintiff has submitted

18  this response.

19          Accordingly, the Court ORDERS Plaintiff to respond to the questions above

20  about the basis for the Court's jurisdiction by no later than 21 days from the date of

21  this Order. Failure to file a response will result in dismissal of this case.

22          Dated this 9th day of February 2024.

23

ORDER TO SHOW CAUSE - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

<u>Ravi Subramanian</u>

Clerk

<u>*/s/ Kathleen Albert*</u>

Deputy Clerk

ORDER TO SHOW CAUSE - 3