UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIELLA KATALIN MELEGH, | CASE NO. 2:23-cv-01704-JNW |
| Plaintiff, | ORDER |
| v. | |
| PROVIDENCE HEALTH & SERVICES, SWEDISH MEDICAL CENTER, and LAURA, | |
| Defendants. | |

Plaintiff Danielle Katalin Melegh proceeds pro se and *in forma pauperis* in this civil rights lawsuit against Providence Health & Services, Swedish Medical Center, and "Laura," Swedish Orthopedic Clinic's manager, for alleged disability discrimination. Dkt. No. 4.

1. **DISCUSSION**

On November 8, 2023, Melegh requested that the Court appoint counsel to represent her. Dkt. No. 6. Melegh has contacted more than ten attorneys for assistance with this matter. *Id.* at 2. She has also contacted the DOJ for assistance. *Id.*

ORDER - 1

Although there is "no constitutional right to counsel in a civil case," *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038-39 (9th Cir. 2021) (internal citation omitted), *cert. denied*, 142 S. Ct. 861, (2022), a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1).

The Western District of Washington has implemented a plan for court-appointed representation of civil rights litigants. *See* General Order No. 07-23 (Sept. 8, 2023). Before forwarding a case to the Pro Bono Screening Committee, the Court must review whether the plaintiff is financially eligible and assess the case to determine that it is not frivolous.

First, Melegh is financially eligible for referral to the Screening Committee, as she has been granted *in forma pauperis status*. Dkt. No. 4. *See also Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982) ("Plaintiff in this case clearly satisfied the financial requisites to appointment of counsel, for the district court permitted him to proceed in forma pauperis, which requires a greater showing of indigency than is required for appointment of counsel.").

Second, Melegh's claims are not frivolous. She has alleged disability discrimination in a healthcare setting.

The Court finds that Melegh's case is not frivolous and that she is financially eligible for referral to the Screening Committee. For these reasons, the Court will refer Melegh's case to the Pro Bono Screening Committee.

## 2.  CONCLUSION

The Court orders as follows:

1. The Court DIRECTS the Clerk of the Court to forward copies of the pleadings and documents filed to date to the Screening Committee including the following: Plaintiff's *in forma pauperis* application (Dkt. No. 1), Complaint (Dkt. No. 5), Motion to Appoint Counsel (Dkt. No. 6), Proposed Amendment to Complaint (Dkt. No. 8), Second Proposed Amendment to Complaint (Dkt. No. 9), and the instant Order.

2. In light of the Court's referral to the Pro Bono Screening Committee, this matter is STAYED pending the Screening Committee's determination.

3. The Screening Committee is DIRECTED to review this case and recommend to the Court whether appointment of pro bono counsel is warranted per General Order No. 07-23 no later than May 3, 2024.

4. Plaintiff is REMINDED that the referral to the Screening Committee does not guarantee that she will be provided pro bono counsel.

Dated this 3rd day of April, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 3